IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER POTTS, ) | |
| ) | CIVIL ACTION NO. 3:16-35 |
| Plaintiff, ) | |
| ) | JUDGE KIM R. GIBSON |
| v. ) | |
| ) | |
| HARTFORD LIFE AND ACCIDENT ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

I.  **Introduction**

This action comes before the Court upon two motions filed by Defendant Hartford Life and Accident Insurance Company: (1) a motion to dismiss Plaintiff's claim for breach of fiduciary duty and (2) a renewed motion to dismiss Plaintiff's claim for breach of fiduciary duty. (ECF Nos. 6, 44.) For the reasons that follow, Defendant's first motion to dismiss will be denied as moot, Defendant's renewed motion to dismiss will be granted, and Plaintiff's claim for breach of fiduciary duty will be dismissed from her complaint.

II.  **Jurisdiction**

The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 1132(e)(1) and 1451(c), which grant federal district courts exclusive jurisdiction over all civil action matters involving the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial

portion of the events giving rise to the claims occurred in the Western District of Pennsylvania.

III.     **Background**

This case arises under ERISA. The following facts are alleged in the complaint, which the Court will accept as true for the sole purpose of deciding the pending motion.

Plaintiff was insured under a long-term disability insurance policy that was underwritten and issued by Defendant. (ECF No. 1 ¶ 8.) Plaintiff ceased working in April 2012 because of the physical restrictions and limitations that resulted from her disabling conditions and corresponding treatment regimen. (*Id.* ¶ 9.) Plaintiff has remained continuously disabled and unable to function as an employee on a full-time basis. (*Id.* ¶ 10.)

Plaintiff submitted a claim for long-term disability benefits to Defendant. (*Id.* ¶ 11.) Defendant approved Plaintiff's claim and provided Plaintiff with disability benefits for twenty-six months. (*Id.*) In December 2014, without any improvement in Plaintiff's disabling condition, Defendant terminated Plaintiff's monthly disability benefits. (*Id.* ¶ 12.) Defendant denied Plaintiff's appeal of the termination. (*Id.* ¶ 13.) Plaintiff has exhausted her administrative remedies. (*Id.* ¶ 14.) The disability insurance policy does not provide Defendant with discretionary authority, and Defendant has been operating under an inherent and structural conflict of interest because any monthly benefits paid to Plaintiff are paid from Defendant's own assets. (*Id.* ¶¶ 15, 18.) Plaintiff asserts claims for

breach of contract and breach of fiduciary duty against Defendant. (*Id.* ¶¶ 19-22.) She also requests attorneys' fees and costs. (*Id.* ¶¶ 23-24.)

Plaintiff filed her complaint on September 21, 2015, in the United States District Court for the Western District of Kentucky. (*Id.*) On October 15, 2015, Defendant filed a motion to dismiss Plaintiff's claim for breach of fiduciary duty. (ECF No. 6.) Plaintiff filed her response on November 5, 2015, and Defendant filed a reply on November 19, 2015. (ECF Nos. 11, 12.) The matter was transferred to this Court on February 3, 2016, after Defendant's motion to transfer the case was granted. (*See* ECF No. 20.) Because the parties, in briefing Defendant's motion to dismiss, had applied the law of the Court of Appeals for the Sixth Circuit, the Court granted Defendant leave to brief its motion to dismiss based upon the law of the Court of Appeals for the Third Circuit. (ECF No. 41.)

Defendant filed a motion to dismiss and supporting brief on July 26, 2016. (ECF Nos. 44, 45.) Because Defendant has now renewed its motion to dismiss (ECF No. 44), the Court will deny as moot Defendant's first motion to dismiss (ECF No. 6). However, the Court will still consider the parties' briefs and exhibits, to the extent that they are relevant, that were filed in relation to Defendant's first motion. (*See* ECF Nos. 6, 11, 12.) Plaintiff filed a response to Defendant's renewed motion to dismiss on August 5, 2016 (ECF No. 46), and this matter is now ripe for disposition.

**IV. Standard of Review**

Defendant moves to dismiss Plaintiff's claim for breach of fiduciary duty pursuant to Rule 12(b)(6). The Federal Rules of Civil Procedure require that a complaint contain "a

short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) allows a party to seek dismissal of a complaint or any portion of a complaint for failure to state a claim upon which relief can be granted. Although the federal pleading standard has been "in the forefront of jurisprudence in recent years," the standard of review for a Rule 12(b)(6) challenge is now well established. *Fowler v. UPMC Shadyside*, 578 F. 3d 203, 209 (3d Cir. 2009).

In determining the sufficiency of a complaint, a district court must conduct a two-part analysis. First, the court must separate the factual matters averred from the legal conclusions asserted. *See id.* at 210. Second, the court must determine whether the factual matters averred are sufficient to show that plaintiff has a "'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint need not include "'detailed factual allegations.'" *Phillips v. County of Allegheny*, 515 F. 3d 224, 231 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Moreover, the court must construe the alleged facts, and draw all inferences gleaned therefrom, in the light most favorable to the non-moving party. *See id.* at 228 (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F. 3d 651, 653 (3d Cir. 2003)). However, "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice." *Iqbal*, 556 U.S. at 678. Rather, the complaint must present sufficient "'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sheridan v. NGK Metals Corp.*, 609 F. 3d 239, 262 n.27 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

4

Ultimately, whether a plaintiff has shown a "plausible claim for relief" is a "context-specific" inquiry that requires the district court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The relevant record under consideration includes the complaint and any "document integral to or explicitly relied upon in the complaint." *U.S. Express Lines, Ltd. v. Higgins*, 281 F. 3d 383, 388 (3d Cir. 2002) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F. 3d 1410, 1426 (3d Cir. 1997)). If a complaint is vulnerable to dismissal pursuant to Rule 12(b)(6), the district court must permit a curative amendment, irrespective of whether a plaintiff seeks leave to amend, unless such amendment would be inequitable or futile. *Phillips*, 515 F. 3d at 236; *see also Shane v. Fauver*, 213 F. 3d 113, 115 (3d Cir. 2000).

**V.     Discussion**

Defendant argues that Plaintiff's claim for breach of fiduciary duty must be dismissed because she has an adequate remedy at law under Section 502(a)(1)(B) of ERISA. (ECF No. 45 at 9-10.) Noting that equitable relief is only permitted under Section 502(a)(3) when relief cannot be afforded under another provision of ERISA, Defendant asserts that relief is available to Plaintiff under Section 502(a)(1)(B) of ERISA because her only injury is the denial of benefits. (*Id.* at 10-13.) Defendant further contends that Plaintiff's reliance upon *Cigna v. Amara*, 563 U.S. 421 (2011), is misplaced because her claims for breach of contract and breach of fiduciary duty are both based upon the same facts and injury — the denial of her long-term disability benefits. (*Id.* at 13-19.)

In response, Plaintiff, relying upon *Amara*, argues that she is entitled to be made whole by seeking equitable relief. (ECF No. 46 at 8.) Specifically, Plaintiff asserts that Defendant's motion is premature because "[t]he remedies sufficient to provide [her] with complete relief will be fleshed out in discovery and cannot reasonably be known at the motion to dismiss stage." (*Id.* at 9-12.) Plaintiff also contends that she may pursue any or all of the claims that she believes can be substantiated. (*Id.* at 12-14.)

After a thorough review of the relevant case law, the Court concludes that Plaintiff's claim against Defendant for breach of fiduciary duty must be dismissed. The civil enforcement of ERISA is governed by 29 U.S.C. § 1132. Section 1132(a)(1)(B) allows a participant or beneficiary of a covered plan to bring an action to recover benefits under the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B); *see also Greene v. Hartford Life & Accident Ins. Co.*, No. 13-CV-6033, 2014 U.S. Dist. LEXIS 126628, at *5 (E.D. Pa. Sept. 10, 2014).

Here, citing § 1332(a)(1)(B) and § 1132(a)(3), Plaintiff has brought her claims for breach of contract and breach of fiduciary duty in the same count. (*See* ECF No. 1 ¶¶ 19-22.) Defendant does not challenge the sufficiency of Plaintiff's claim for relief under § 1332(a)(1)(B). Defendant does, however, challenge Plaintiff's claim for breach of fiduciary duty, brought pursuant to § 1132(a)(3). (*See id.*)

The relevant authority is split on the question of whether a beneficiary may bring simultaneous claims under both § 1132(a)(1)(B) and § 1132(a)(3). Neither the United States Supreme Court nor the Court of Appeals for the Third Circuit has squarely

6

addressed the issue, but district courts have used the Supreme Court's brief discussion of the purpose of § 1132(a)(3) in *Varity Corp. v. Howe*, 516 U.S. 489 (1996), as guidance. District Courts in the Third Circuit, however, have reached conflicting results in cases such as the one at hand.

In *Varity*, a group of plaintiffs alleged that they had been deceived into withdrawing from a benefits plan and sued their former employer for breach of fiduciary duty under § 1132(a)(3). Importantly, the plaintiffs did not bring any claim pursuant to § 1132(a)(1)(B), because they were no longer beneficiaries of the plan and therefore could not pursue claims under it. 516 U.S. at 512, 515. In rejecting the defendants' argument that the equitable relief that the plaintiffs had demanded under § 1132(a)(3) was not appropriate, the Court explained that § 1132(a)(3) is a "catchall" provision that offers "appropriate equitable relief for injuries caused by violations that [§ 1132] does not elsewhere adequately remedy." *Id*. at 508-09, 512. Therefore, in part because they could not seek relief under § 1132(a)(1)(B), the plaintiffs in *Varity* were permitted to pursue their claims under § 1132(a)(3) on the basis that they were deceived into withdrawing from the plan. *Id*. at 496, 512. The Court noted, however, that recovery under § 1132(a)(3) is limited by the phrase "'*appropriate*' equitable relief." *Id*. at 515 (emphasis in original). The Court explained, "[W]e should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" *Id*.

Since the Supreme Court issued its ruling in *Varity*, "Courts of Appeals have reached differing conclusions as to whether and under what circumstances *Varity*

7

precludes plaintiffs from simultaneously seeking relief under § 1132(a)(3) and § 1132(a)(1)(B)." *Greene*, 2014 U.S. Dist. LEXIS 126628, at *7 (citing cases). As noted above, the Third Circuit has not addressed the question directly, and district courts within this Circuit have reached different results on the issue. For example, in *Parente v. Bell Atlantic Pennsylvania*, No. 99-CV-5478, 2000 U.S. Dist. LEXIS 4851 (E.D. Pa. Apr. 18, 2000), the court held that *Varity* only precludes claims under § 1132(a)(3) when another provision in the statute will "certainly" provide relief. *Id.* at *11. Thus, the court concluded that it was inappropriate to dismiss the plaintiff's claims before discovery could reveal whether the plaintiff would obtain relief under § 1132(a)(1)(B). *Id.* at *3.

Conversely, in *Cohen v. Prudential Insurance Co.*, No. 08-CV-5319, 2009 U.S. Dist. LEXIS 71422 (E.D. Pa. Aug. 12, 2009), the court articulated a higher standard for pleading simultaneous relief under §§ 1132(a)(3) and (a)(1)(B). The court stated that relief under § 1132(a)(3) is only available "if the plaintiff can demonstrate that § [1132](a)(1)(B) alone may not provide an adequate remedy. *Id.* at *10-11. The court held that the plaintiffs' § 1132(a)(3) claim was not viable in that case, reasoning, "[the] plaintiffs' pleading of their two claims is nearly identical, and the relief sought under each count is verbatim the same." *Id.* at *11. Because the plaintiffs failed to present "any reasons why § (a)(1)(B) would not, or might not, furnish them an adequate remedy" and failed to "describe[] what additional remedy they might seek under § [1132](a)(3) that cannot be afforded by § [1132] (a)(1)(B)," the court granted the defendant's motion to dismiss the plaintiffs' claim for breach of fiduciary duty. *Id*. at *11-12.

Here, the Court finds that Plaintiff's complaint does not demonstrate that the "appropriate equitable relief" available under § 1132(a)(3) is warranted, and thus concludes that the reasoning in *Cohen* is more appropriately applied here than that in *Parente*. As in *Cohen*, Plaintiff's § 1132(a)(3) and § 1132(a)(1)(B) claims against Defendant overlap factually and seek the same remedy.

The Court agrees with district courts that have held that *Varity* did not establish any bright line rule precluding § 1132(a)(3) and § 1132(a)(1)(B) claims from being asserted simultaneously. Here, however, the Court is unable to construe Plaintiff's § 1132(a)(3) claim such that it accords any "other appropriate equitable relief" for which the ERISA statute does not already provide a remedy elsewhere. While the Court appreciates the *Parente* court's concern for dismissing claims before the discovery phase of litigation, the Court finds that, like in *Cohen*, there is no discovery that would potentially assist Plaintiff in pursuing her § 1132(a)(3) claim that would not serve the identical purpose in pursuing her § 1132(a)(1)(B) claim. This case therefore presents the very situation in which the Supreme Court indicated that there is no need for equitable relief because the ERISA statute provides appropriate and sufficient grounds for relief elsewhere. *See Varity*, 516 U.S. at 515.

Factually, Plaintiff's claims against Defendant under § 1132(a)(3) and § 1132(a)(1)(B) rely on the same assertions. As discussed above, Plaintiff has brought her claims for breach of contract and breach of fiduciary duty in the same count. (*See* ECF No. 1 ¶¶ 19-22.) In the factual allegations of her complaint, Plaintiff alleges that she exhausted her administrative remedies after Defendant's denial of her benefits. (*See id.* ¶¶ 12-14.) In

9

support of her claims for breach of contract and breach of fiduciary duty, Plaintiff states: (1) the disability insurance policy is a written contract; (2) contrary to the term of the contract, and in breach thereof, Defendant improperly denied her disability benefits; and (3) Defendant's contractual breach damaged her. (*Id.* ¶¶ 19-21.) Plaintiff then avers that "§§ 1132(a)(1)(B) and 1132(a)(3) are the enforcement mechanisms permitting [her] to enforce the contractual terms of the insurance policy, to obtain past benefits, to receive reinstatement for payment of future benefits, to obtain declaratory relief, and to obtain other appropriate equitable relief including, but not limited to, surcharge." (*Id.* ¶ 22.)

The allegations described above demonstrate that the facts underlying the claim for breach of fiduciary duty against Defendant are more appropriately directed to Plaintiff's claim for breach of contract. In addition, like in *Cohen*, the relief sought in Plaintiff's claim for breach of contract is verbatim identical to the relief sought in Plaintiff's claim for breach of fiduciary duty. (*See id.* ¶¶ 19-22.) As in *Greene*, Plaintiff has not identified any equitable relief available to her under § 1132(a)(3); nor has she identified any other relief available to her under that provision that she would not recover if she prevails under § 1132(a)(1)(B). *See Greene*, 2014 U.S. Dist. LEXIS 126628, at *10-11.

The Court thus concludes that the relief Plaintiff seeks under her breach of fiduciary duty claim is effectively the recovery of benefits allegedly due under the relevant Hartford Life & Accident Insurance Co. plan. The Court also find that Plaintiff's reliance upon *Amara* is misplaced because "[i]t is well established that a plaintiff cannot state a claim for monetary damages for breach of fiduciary duty under ERISA 'absent a loss to the plan as opposed to a loss suffered by individual beneficiaries or a subclass of

beneficiaries.'" *Reed v. Citigroup, Inc.*, 2015 U.S. Dist. LEXIS 43364, at *70-71 (D.N.J. Mar. 31, 2015) (quoting *Fox v. Herzog Heine Geduld, Inc.*, 232 Fed. Appx. 104, 105 (3d Cir. 2007), and noting the Court in *Amara* held that "'appropriate equitable relief' under Section 502(a)(3) refers to 'those categories of relief that traditionally speaking (i.e., prior to the merger of law and equity) were typically available in equity'" (quoting *Amara*, 563 U.S. at 439); *see also Reed v. Citigroup Inc.*, No. 15-CV-2094, 2016 U.S. App. LEXIS 12523, at *14 (3d Cir. July 7, 2016) ("We agree that the 'breach of fiduciary duty' claim is simply an attempt to repackage the denial of benefits under the Plan, and that [the plaintiff's] claim for damages for any such breach is not authorized by ERISA, as he is not alleging a loss to the Plan.").

Accordingly, Plaintiff's claim for breach of fiduciary duty against Defendant is inappropriate, and further amendment of the complaint would not change this result. The Court will therefore dismiss Plaintiff's claim for breach of fiduciary duty. *See Erbe v. Billeter*, No. 06-CV-113, 2007 U.S. Dist. LEXIS 72835, at *54-55 (W.D. Pa. Sept. 28, 2007) (dismissing the plaintiff's § 1132(a)(3) claim where the relief the plaintiff sought, "under the guise of a breach of fiduciary duty claim," was the recovery of money allegedly owed to her under the plain); *Cohen*, 2009 U.S. Dist. LEXIS 71422, at *11-12 (dismissing the plaintiffs' claim for breach of fiduciary duty under § 1132(a)(3) where the plaintiffs' pleading of the § 1132(a)(1)(B) claim and the § 1132(a)(3) claim was nearly identical, and where the relief sought at each count was verbatim the same); *Greene*, 2014 U.S. Dist. LEXIS 126628, at *9-11 (dismissing the plaintiff's § 1132(a)(3) claim where the plaintiff did not identify any scenario in which he could have obtained relief under § 1132(a)(3) that

was not available to him under his § 1132(a)(1)(B) claim, and where the plaintiff's claims not only overlapped factually, but also sought "precisely the same remedy").

Generally, if a complaint is vulnerable to dismissal pursuant to Rule 12(b)(6), the district court must permit a curative amendment, regardless of whether the plaintiff seeks leave to amend, unless such amendment would be inequitable or futile. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Here, the Court concludes that amendment of the complaint with respect to Plaintiff's claim for breach of fiduciary duty would be futile because, as discussed above, this claim is duplicative of Plaintiff's claim for breach of contract against Defendant. Therefore, Plaintiff's claim for breach of fiduciary duty will be dismissed with prejudice.

**VI. Conclusion**

For the reasons stated above, the Court will grant, with prejudice, Defendant's motions to dismiss Plaintiff's claim for breach of fiduciary duty.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER POTTS, | ) | |
| | ) | CIVIL ACTION NO. 3:16-35 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| HARTFORD LIFE AND ACCIDENT | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**AND NOW**, this 9th day of August, 2016, upon consideration of the Defendant's motion to dismiss Plaintiff's claim for breach of fiduciary duty (ECF Nos. 6, 44), and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED** as follows:

1. Defendant's motion to dismiss Plaintiff's claim for breach of fiduciary duty (ECF No. 6) is **DENIED** as moot.

2. Defendant's renewed motion to dismiss Plaintiff's claim for breach of fiduciary duty (ECF No. 44) is **GRANTED**. Plaintiff's claim for breach of fiduciary duty of her complaint is dismissed with prejudice.

BY THE COURT:

*/s/ Kim R. Gibson*

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE